UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

McARTHUR DAVIS, a/k/a
McAUTHOR DAVIS,

                              Petitioner,

   v.                                                 9:19-CV-1418 (TJM/ATB)

J.E. HARPER, Superintendent,

                              Respondent.

---

McARTHUR DAVIS, Petitioner pro se
PRISCILLA I. STEWARD, Asst. Attorney General for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

**I.**   **Background**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Petition ("Pet.") (Dkt. No. 1). Petitioner challenges a 2008 judgment of conviction in Onondaga County Court. Petitioner pled guilty to first degree murder, two counts of second degree murder, and first degree robbery. The Appellate Division, Fourth Department affirmed the conviction, and the New York Court of Appeals denied leave to appeal. *People v. Davis*, 99 A.D.3d 1228 (4th Dep't 2012), *lv. denied*, 20 N.Y.3d 1010 (2013). The Onondaga County Court denied petitioner's New York Criminal Procedure Law ("CPL") § 440.10 motion to vacate his conviction on February 14, 2019, and the Appellate Division denied leave to appeal on May 7, 2019. (Pet. ¶¶ 12(a), 12(b)).

Petitioner signed this federal petition for habeas corpus on November 13, 2019. (Pet. at p.6).

## II.  Grounds Asserted in Habeas Corpus Petition

Petitioner raises the following grounds for relief:

(1)   Ineffective assistance of counsel,

(2)   Court's errors and prosecutorial misconduct, and

(3)   Involuntary plea.

(Pet. ¶ 13). Respondent has filed an answer, memorandum of law, and the pertinent state court records ("SCR"). (Dkt. Nos. 11, 11-1 & 12). Respondent argues for denial of the petition based on the expiration of the statute of limitations. (Resp. Mem. of Law) (Dkt. No. 11-1). Petitioner was afforded the opportunity to file a traverse, but did not do so, nor did he ask for an extension of time. (Dkt. No. 13). The court does note that petitioner did file an affidavit in response to the court's initial filing order in this action, arguing that the statute of limitations should not bar this petition. (Dkt. No. 8). The court will consider this document as the petitioner's "response." For the following reasons, this court agrees with respondent and will recommend denial of the petition.

## III.  Statute of Limitations

### A.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a federal court lacks the power to grant a writ of habeas corpus under 28 U.S.C. § 2254

> unless the adjudication . . . (1) resulted in a decision that was
> contrary to, or involved an unreasonable application of, clearly

> established Federal law, as determined by the Supreme Court
> of the United States; or (2) resulted in a decision that was
> based on an unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). The AEDPA established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[1] *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized *and* made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D). In *Duncan v. Walker*, 533 U.S. 167, 179 (2001), the Supreme Court stated that this statute of limitations "reduces the

---

[1] The ninety-day time period is the time that a petitioner would have to seek direct review of his conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150–51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C. § 2244(d)(1)(A)).

3

potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." The AEDPA provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir. 2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "extraordinary circumstances," the court may equitably toll the limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

    B.    **Application**

The New York Court of Appeals denied the petitioner's direct appeal on January 15, 2013. *People v. Davis*, 20 N.Y.3d 1010 (2013). The petitioner's conviction would have become final for purposes of the statute of limitations on Monday, April 15, 2013, which was 90 days after the New York Court of Appeals decision and within which the petitioner could have applied for a writ of certiorari to the United States Supreme Court. *Williams, supra*. Petitioner thus had one year to file his petition for habeas corpus in federal court. Such time would have expired on April 15, 2014. Petitioner did not even sign this petition until November 13, 2019. (Pet. at p.6). Thus, the statute of limitations has run. The court will turn to whether the statute has been tolled for any reason.

### 1. Statutory Tolling

As stated above, the statute provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). However, the post-conviction motion must be "properly filed" and it must have been pending **within the one-year limitations period**. *Smith v. McGinnis*, *supra.* In this case, petitioner would have had to file a post-conviction motion prior to April 15, 2014 in order to take advantage of the statutory tolling provision of the AEDPA. Simply filing a post-conviction motion does not "restart" the statute of limitations. *Bennett v. Artuz, supra.*

Petitioner signed his section 440.10 motion to vacate on October 29, 2018, more than four years after the statute of limitations expired. (SCR at 185). He argued that he was denied the effective assistance of counsel and that his guilty plea was involuntary. (SCR: 185-273). The People filed a response. (SCR: 274-80). On February 14, 2019, the Onondaga County Court denied the motion (SCR: 281-83). Because petitioner filed

5

the section 440.10 more than four years after the expiration of the statute of limitations, his motion to vacate did not toll or "restart" the statute of limitations, and he may not take advantage of any statutory tolling.

### 2. Equitable Tolling

Petitioner filed two affidavits in response to the court's November 21, 2019 order, which directed plaintiff to explain why he did not file his petition within the statute of limitations. (Dkt. Nos. 6, 8). In the first affidavit, he claimed that he did not know the procedures, and he was "misinformed." (Dkt. No. 6). He requested that the court consider his petition in "the interests of justice." (*Id.*) In his second affidavit, petitioner states that, in addition to his failure to obtain proper assistance, his mental, physical, and emotional ability was affected by his health over the years. (Dkt. No. 8). He again requests that the court consider his petition in the "interests of justice." (*Id.*)

As stated above, equitable tolling is only afforded in "extraordinary" circumstances. *Holland v. Florida*, *supra*. This petition was filed more than four years too late, the claims are the same or similar to those made on appeal, and there is no reason stated for such an extreme delay. Many pro se litigants are unfamiliar with law and procedure and do not have legal assistance. That is not an extraordinary circumstance. Petitioner also does not explain how his health would have prevented him from filing a petition for four years. He has not alleged in any way that he was pursuing his rights "diligently." Finally, the court notes that petitioner pled guilty, and although he is claiming that his plea was involuntary, he is not claiming that he is

actually innocent of the crimes for which he was convicted,[2] or that there is any new evidence showing his actual innocence. Thus, petitioner is not entitled to equitable tolling, and this petition may be dismissed based on the expiration of the statute of limitations.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is

**RECOMMENDED**, that a certificate of appealability be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 16, 2020

*Andrew T. Baxter*
Andrew T. Baxter
U.S. Magistrate Judge

---

[2] The court notes that in petitioner's appeal brief, there was some discussion of a mental examination. However, the document also states that the examination showed that the petitioner was competent to stand trial. (Dkt. No. 1-3 at CM/ECF p.42). This quotation from the transcript was included in petitioner's ineffective assistance of counsel/conflict of interest argument, not an argument that he was mentally incompetent.